UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

December 12, 2023

LETTER TO ALL COUNSEL OF RECORD

Re:   *Darlana B. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
      Civil No. 22-3217-CDA

Dear Counsel:

On December 14, 2022, Plaintiff Darlana B. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny her claim for benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 8) and the parties' briefs (ECFs 11, 13, 14). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the SSA's decision if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the SSA's decision and REMAND this case to the SSA for further consideration. This letter explains why.

I.      **PROCEDURAL BACKGROUND**

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") on March 2, 2020, alleging a disability onset of February 27, 2020. Tr. 180–81. Plaintiff's claim was denied initially and on reconsideration. Tr. 82–85, 87–91. On February 16, 2022, an Administrative Law Judge ("ALJ") held a hearing. Tr. 36–58. Following the hearing, on March 15, 2022, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[1] during the relevant time frame. Tr. 7–30. The Appeals Council denied Plaintiff's request for review, Tr. 1–6, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

II.     **THE ALJ'S DECISION**

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520. "Under this process, an ALJ

---

[1] 42 U.S.C. §§ 301 et seq.

evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since February 27, 2020, the alleged onset date." Tr. 12. At step two, the ALJ found that Plaintiff suffered from severe "obesity, arthritis, migraine headaches, Barrett's esophagitis, irritable bowel syndrome [IBS], depression, and anxiety." *Id.* (brackets in original). The ALJ also determined that Plaintiff suffered from non-severe high blood pressure. Tr. 13. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *Id.* Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform medium work as defined in 20 CFR 404.1567(c) except [she] can never [climb] ladders, ropes and scaffolds; frequently climb ramps and stairs, stoop, kneel, crouch and crawl; moderate intensity noise level as defined in the [DOT]; and [can] never be exposed to hazards such as dangerous moving machinery and unprotected heights. Would require the use of the restroom but the use of the restroom can be accommodated by the morning, lunch, and afternoon break. Can understand, remember and carry out simple instructions and make simple work related decisions. Can work at a consistent pace throughout the workday but not at a production rate pace such as on an assembly line or work involving monthly or hourly quotas. Can tolerate occasional interaction with coworkers, supervisors, and the public. Can tolerate occasional changes in work setting.

Tr. 18. The ALJ found that Plaintiff could not perform past relevant work as a school bus driver (DOT[2] # 913.463-010) but could perform other jobs existing in significant numbers in the national economy. Tr. 24–25. Thus, the ALJ concluded that Plaintiff was not disabled. Tr. 26.

### III.   LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached by applying the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the

---

[2] The "DOT" is the Dictionary of Occupational Titles. "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

*Darlana B. v. Kijakazi*
Civil No. 22-3217-CDA
December 12, 2023
Page 3

[ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, the Court's review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

IV.     **ANALYSIS**

On appeal, Plaintiff argues that the RFC was not supported by substantial evidence. ECF 11, at 9–14. Specifically, Plaintiff avers that the ALJ failed to explain how the RFC provision necessitating the availability of a restroom during the morning, lunch, and afternoon break sufficiently accommodates Plaintiff's gastrointestinal issues. *See id.* Plaintiff contends that, while an RFC provision related to restroom access is necessary in this case, "pre-planned breaks, which are afforded to all employees, do not accommodate Plaintiff's urgent or unplanned trips to the bathroom" absent an accompanying explanation that explains how the RFC provision addresses Plaintiff's impairments. *Id.* at 12. Without such a discussion, Plaintiff argues, the Court cannot determine whether the decision was based on substantial evidence. *Id.* at 14. Defendant counters that substantial evidence supported the RFC provision related to restroom use. ECF 13, at 6–14.

A claimant's RFC represents "the most [she] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1). In determining a claimant's RFC, an ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [her] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). "[E]very conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by 'a narrative discussion describing [ ] the evidence' that supports it." *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021) (alteration in original) (citation omitted). Thus, an ALJ must identify evidence that supports their conclusions and build an accurate and logical bridge from that evidence to their conclusions. *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018).

Here, the ALJ determined at step two that Plaintiff suffered from, among other things, severe irritable bowel syndrome. Tr. 12. The ALJ then considered Plaintiff's testimony that, due to "severe cramps and bloating," she often "has to stop what she is doing and use the restroom immediately; she cannot wait until later. She has to use the restroom five-to-six times a day. Sometimes it can be quick, other times it could be for 15 minutes." Tr. 19. The ALJ determined that Plaintiff's testimony was "not entirely consistent with . . . the record[.]" *Id.* As support for this conclusion, the ALJ noted that Plaintiff's irritable bowel syndrome was "fairly well controlled." Tr. 20 (citing Exhibit 2F). The ALJ further noted that Plaintiff reported diarrhea and abdominal pain in February 2020, but that "a gastric emptying study revealed normal solid gastric emptying[.]" *Id.* (citing Exhibit 2F). Additionally, the ALJ cited clinic notes from October 2020 which "indicated that [Plaintiff's] irritable bowel syndrome was not active[.]" *Id.* (citing Exhibit

5F). The ALJ further noted that after Plaintiff "was restarted on Dexilant" by a treating physician, she presented with "irritable bowel syndrome bloating" and "cyclical diarrhea" in August 2021. *Id.* (citing Exhibits 8F, 9F). Lastly, the ALJ noted that a physical examination revealed "only mild abdominal tenderness without either rebound, guarding, or distension" and that Plaintiff's "bowel sounds were normal[.]" *Id.* (citing Exhibit 9F). Based on this assessment, the ALJ determined that Plaintiff "requir[ed] the use of the restroom" but that this need could be accommodated by "the morning, lunch, and afternoon break." Tr. 24.

The ALJ's analysis constituted harmful error for several reasons. First, the ALJ did not explore how Plaintiff's "need to visit the bathroom many times throughout the day impacts [her] ability to work." *See Dowling*, 986 F.3d at 389. In *Dowling*, the Fourth Circuit held that an ALJ erred where, despite "considerable evidence in the record demonstrating that [the claimant] regularly experienced diarrhea" and other symptoms, the ALJ did not analyze the claimant's need for regular bathroom breaks. *Id.* Because the ALJ failed to "evaluate the frequency at which [the claimant] needed to use the bathroom and analyze how that restriction impacted her ability to work," the Fourth Circuit determined remand to be necessary. *Id.*

Like the ALJ in *Dowling*, the ALJ here failed to meaningfully evaluate the frequency with which Plaintiff requires the use of a restroom. Instead, the ALJ broadly determined that Plaintiff's testimony regarding her restroom needs was inconsistent with the evidence of record and proceeded to summarize that evidence and assess the RFC. *See* Tr. 18–24. However, the ALJ failed to articulate how Plaintiff's treatment records contradicted her testimony. Although they took note of Plaintiff's "normal" bowel sounds and a "normal" gastric emptying study conducted in 2020, Tr. 20, the ALJ did not explain how this evidence contradicts Plaintiff's statement that her need to use the restroom is frequent and urgent. The ALJ also noted that Plaintiff experienced "cyclical diarrhea" in 2021, but notably, the ALJ did not suggest that this symptom had ceased before the date of the ALJ's decision. *Id.* These inadequacies in the ALJ's analysis "frustrate meaningful review" of the decision, leaving the Court unable to determine whether the RFC adequately accommodates Plaintiff's restroom-related issues. *Mascio*, 780 F.3d at 636 (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013)).

The ALJ *did* observe that Plaintiff's irritable bowel syndrome was "not active" in 2020 and was "fairly well controlled." Tr. 20 (citing Exhibits 2F, 5F). But these findings are belied by a careful review of the record. Despite the ALJ's statement to the contrary, a February 2020 treatment record noted that while Plaintiff's hypertension and migraines were under "[f]air [c]ontrol," her irritable bowel syndrome with diarrhea was "[s]ymptomatic" and "chronic." Tr. 305, 309. The same treatment record noted that Plaintiff's diarrhea following gastrointestinal surgery was "[u]ncontrolled." Tr. 305. A treatment record from October 2020 was more equivocal—it described Plaintiff's irritable bowel syndrome and diarrhea as "currently quiet [and] not active" but also placed "[i]rritable bowel syndrome with diarrhea" within a list of "Active Problem[s]." Tr. 409. Subsequent treatment records from May and August 2021 also listed Plaintiff's irritable bowel syndrome with diarrhea as an "Active Problem." Tr. 491, 500.

Much of the foregoing evidence suggests that Plaintiff's irritable bowel syndrome and diarrhea are active, ongoing issues. While the ALJ provides citations to these records in the

*Darlana B. v. Kijakazi*
Civil No. 22-3217-CDA
December 12, 2023
Page 5

decision, their analysis fails to address the conclusions reached in these treatment records. Moreover, to the extent that some of the evidence contains internal contradictions, *see* Tr. 409, the analysis fails to resolve these inconsistencies. As such, the Court is unable to meaningfully review the ALJ's conclusion that the evidence failed to support Plaintiff's testimony. Remand is therefore necessary. *See Jerome S. v. Kijakazi*, No. AAQ-22-02963, 2023 WL 5570201, at *3 (D. Md. Aug. 29, 2023) (remanding where the ALJ "concluded that [p]laintiff's 'positive symptoms are adequately managed' . . . despite numerous and consistent statements from [p]laintiff and his healthcare providers indicating the contrary").

The ALJ's errors were not without consequence; a more circumspect examination of Plaintiff's treatment records may alter this case's outcome. During the hearing, the vocational expert testified that "a brief restroom break in the morning and the afternoon . . . would be tolerated" by a hypothetical employer if taken outside of the "normal" break and lunch periods of a given workday. Tr. 57. The vocational expert further opined that if Plaintiff "were gone for up to . . . 15 minutes on a regular basis, twice a day, that would not be tolerated" by a hypothetical employer. *Id.* However, Plaintiff testified that she may require the use of a restroom five to six times per day for up to fifteen minutes. Tr. 20. Accordingly, Plaintiff's symptoms would appear to preclude her from performing work if her testimony is deemed credible. Because the ALJ's dismissal of Plaintiff's testimony was not supported by substantial evidence for the reasons discussed above, remand is necessary to allow the ALJ to conduct a closer examination of how Plaintiff's restroom-related issues affect her RFC and the jobs she can perform.[3]

## V.    CONCLUSION

For the reasons set forth herein, the SSA's judgment is REVERSED due to inadequate analysis pursuant to sentence four of 42 U.S.C. § 405(g). The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge

---

[3] In remanding for further explanation, the Court expresses no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.